IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–00554–RMR–MDB

SHAWN JORDAN LOPEZ,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

    This matter is before the Court on "Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)." (Doc. No. 6.) No response has been filed to the Motion, and the time to do so has lapsed. The Motion has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, for a recommendation regarding disposition. (Doc. No. 8.) For the following reasons, it is **RECOMMENDED** that the Motion be **GRANTED**.

### SUMMARY FOR *PRO SE* PLAINTIFF

    The Court is recommending that your case be dismissed for failure to state a claim for relief. Specifically, to the extent you are attempting to sue the El Paso County Sheriff, in his individual capacity, the claim fails because you have not alleged any facts linking that individual to the constitutional injuries you claim. To the extent you are attempting to sue the El Paso County Sheriff, in his official capacity, the claim fails because you have not alleged an El Paso

County policy or custom that caused the constitutional injuries you claim. However, the Court is recommending that your case be dismissed without prejudice, meaning that you should be given an opportunity to file an amended complaint, if you so choose. This is only a summary of the Court's decision. The complete decision is set forth below, including information about your right to object to this Recommendation within a set period of time.

## STATEMENT OF THE CASE

*Pro se* Plaintiff Shawn Jordan Lopez ["Plaintiff"], a pretrial detainee at the El Paso County Jail ["ECJ"], brings this lawsuit, pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights by El Paso County Sheriff Bill Elder ["Defendant"]. (Doc. No. 4.) According to the Complaint, on August 17, 2021, Plaintiff "was arrested and booked into . . . [ECJ] on suspicion of possession of a controlled substance and paraphanalia [sic], amongst others." (*Id.* at 1.) At the time of his arrest, Plaintiff was reportedly undergoing multi-year "methadone maintenance treatment," resulting in his "dependency to this medication[.]" (*Id.*) Plaintiff alleges that he "cannot recall what decisions [he] made" during the first seventy-two hours of his confinement at ECJ, due to the fact that he "was in a state of unconsciousness." (*Id.* at 1-2.) He alleges that, once he "realized [the] situation," he immediately "requested to be placed on a Kosher diet, alligning [sic] with [his] religious beliefs and practices." (*Id.* at 2.) Plaintiff alleges that his requests were "met with multiple denials, from various departments, on the grounds that '[he] didn't state that' when [he] was booked in, and [he] can only get this diet after 6-months." (*Id.*) Plaintiff now complains that "[f]orcing [him] to subsist on a diet that isn't Kosher for 6-months, or [else] starve" is not "civil" or "humane." (*Id.*)

In this lawsuit, Plaintiff also alleges that, while being held at ECJ, he was "forced into a long and painful withdrawal" from his methadone medication. (*Id.*) According to Plaintiff, "[n]o alternative for methadone treatment was offered[] that was sufficiently long enough for the drug's 8-week withdrawal period, or adequate to alleviate opiate withdrawal symptoms on such a scale." (*Id.* at 3.) Plaintiff complains that the failure to provide him with adequate treatment for his opiate withdrawal symptoms was "very cruel." (*Id.* at 2.)

Based on these allegations, on February 1, 2022, Plaintiff commenced this action in Colorado state court, asserting two claims for relief: (1) "My 1st Amendment Right to Freedom of Religion;" and (2) "My 8th Amendment Right against Cruel and Unusual Punishment." (*Id.* at 1-3; *see* Doc. No. 1.) As relief for his injuries, Plaintiff requests monetary damages, totaling $80,000. (Doc. No. 4 at 3.)

After removing the case to federal court, on March 15, 2022, Defendant responded to Plaintiff's allegations by filing a motion to dismiss this case, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.) Defendant argues, specifically, that Plaintiff has failed to meet the requisite pleading standard to state a claim for relief under § 1983. (*Id.* at 3-8.)

## STANDARDS OF REVIEW

### I. Legal Standard for *Pro Se* Plaintiff

Plaintiff is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's

3

"conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**II.    Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," *i.e.,* those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id*. at 679.

That being said, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the court typically may not look beyond the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Johnson v.*

5

*Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting Fed. R. Civ. P. 12(d)) (alterations omitted). "Pleadings," for purposes of a Rule 12(b)(6) motion to dismiss, however, include attachments to the complaint, documents incorporated into the complaint by reference, and information subject to judicial notice. *Tellabs, Inc*, 551 U.S. at 322; *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Documents attached to a motion to dismiss are considered part of the pleadings, if they are referred to in the complaint, central to the plaintiff's claims, and not challenged as inauthentic. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *accord Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013).

## ANALYSIS

### I.     The Capacity in Which Defendant is Sued

As a preliminary matter, the Complaint does not specify the capacity in which Defendant—who Plaintiff refers to as both "El Paso County Sherriff" and "El Paso County Sherriff Bill Elder"— is sued. Under such circumstances, the Court must "look to the substance of the pleadings and the course of the proceedings" to determine "whether the suit is for individual or official liability." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) (quoting *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993)). Here, where the Complaint is not entirely clear, and where Plaintiff is a *pro se* litigant, the Court will presume that Defendant has been sued in his official and individual capacities. *See Meadows v. Whetsel*, 245 F. App'x 860, 862 (10th Cir. 2007) ("It is unclear whether Sheriff Whetsel was sued in his official or his individual capacity, so we will assume that he was sued in both.").

**II.     The Individual Capacity Claims**

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Sawyers v. Norton*, 962 F.3d 1270, 1277 n.3 (10th Cir. 2020) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011)). Here, Plaintiff has not alleged that Defendant had any direct contact with him, that Defendant was present during any alleged violation of his constitutional rights, or that Defendant had any specific knowledge concerning his religion-based dietary restrictions, or his medical condition. *See Brown*, 662 F.3d at 1165 (finding that a plaintiff inmate failed to state a claim for personal liability under § 1983, because he did not allege that the defendant prison official had any knowledge of the alleged constitutional violation). To the extent Plaintiff's claims are premised on supervisory liability, he has not alleged any facts that suggest an affirmative link between Defendant's supervision and the conduct of any subordinate. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("[A] plaintiff must show an 'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates."). Specifically, Plaintiff does not allege that Defendant personally directed his subordinates to ignore Plaintiff's requests for kosher food and/or methadone medication, or to deny Plaintiff appropriate treatment, or that Defendant willfully turned a blind eye to such conduct. Plaintiff has likewise failed to allege that Defendant acted with "deliberate indifference" to the conduct of his subordinates. *See Serna*, 455 F.3d at 1151 ("Because mere negligence is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur.") (alterations omitted).

In this case, Plaintiff's allegations do not reflect the necessary personal participation required for individual liability under § 1983. For that reason, it is recommended that the individual capacity claims against Defendant be dismissed without prejudice. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to dismissal when a plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

### III. The Official Capacity Claims

Official capacity suits "impose liability on the entity that the sued public servant represents." *Sawyers v. Norton*, 962 F.3d 1270, 1278 n.4 (10th Cir. 2020) (quoting *Couser v. Gay*, 959 F.3d 1018, 1023 (10th Cir. 2020)) (alterations omitted). The official capacity claims against Defendant, the El Paso County Sheriff, are thus construed as claims against El Paso County. A county "may be held liable under [§ 1983] if the [county] itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). But, under § 1983, county liability cannot be imposed "simply because [the county] employs a person who violated a plaintiff's federally protected rights." *Jenkins v. Woods*, 81 F.3d 988, 993 (10th Cir. 1996) (citing *Monell*, 436 U.S. at 694); *see Connick*, 563 U.S. at 60 ("[U]nder § 1983, local governments are responsible only for their own illegal acts."). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (quoting *Monell*, 436 U.S. at 694).

8

To establish county liability under § 1983, a plaintiff must show: (1) "the existence of a [county] policy or custom;" and (2) "that there is a direct causal link between the policy or custom and the injury alleged." *Jenkins*, 81 F.3d at 993 (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). A "policy or custom" can take the form of "(1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused." *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189-90 (10th Cir. 2010)) (internal quotation marks omitted). Causation is established if the challenged policy or practice is shown to be "closely related to the violation of the plaintiff's federally protected right." *Schneider*, 717 F.3d at 770. "This requirement is satisfied if the plaintiff shows that the [county] was the 'moving force' behind the injury alleged." *Id.* (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

Here, the Complaint does not allege any custom, policy, or practice that was the "moving force" behind the alleged deprivations of Plaintiff's constitutional rights. Nor does Plaintiff identify any decision made by an El Paso County official who held final policymaking authority, allege the ratification of subordinates' decisions by such an official, or claim that El Paso County failed to adequately train or supervise its employees. Without such allegations, Plaintiff cannot

proceed on a § 1983 claim against Defendant, in his official capacity, either. For that reason, Plaintiff's official capacity claims should also be dismissed without prejudice. *See Reynoldson*, 907 F.2d at 127.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED THAT**:

(1) "Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)" (Doc. No. 6) be **GRANTED**.

(2) This case be **DISMISSED without prejudice**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: January 17, 2023.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge